Good morning. Principal issue in question today is whether Bobby Lee Whitlock's Sixth Amendment right to a speedy trial was violated when he was arrested and prosecuted some seven plus years after he was indicted. Bobby Lee Whitlock asserts that he was denied his right to a speedy trial as such should now have his sentence of 60 months remanded to the district court. 1972. What does he do on remand? Sir? What does the district court do on remand? They should dismiss the indictment, in my opinion. In 1972, the United States Supreme Court, in the decision of Barker v. Wingo, established a four-part test when a speedy trial violation was alleged as a balancing factor. The first factor is the length of the delay, the second is the reason for the delay, the third is the defendant's assertion of his right to a speedy trial, and finally, prejudice, too, the defendant. The first three factors weigh heavily in favor of Mr. Whitlock, and this is acknowledged by the government and the court as well. This court, in United States v. Bergfield, stated that prejudice, in some cases, is presumed relieving the defendant of any burden to show prejudice. Bergfield was indicted in 1975, was unaware of his indictment, and no actual warrant was issued. Bobby Lee Whitlock was indicted in 2008 but not arrested until 2015, did not know of the indictment until his arrest some seven years later. You said something about the defendant not having to prove he was prejudiced, but that's not what needs to be done, right? If the government has to prove your defendant was not prejudiced, you don't have to prove anything, basically. Who has to prove the prejudice? You or the other? You seem to indicate that one of those cases required the defendant to prove prejudice, but as I appreciate it, it's the government that has to prove a defendant is not prejudiced by the delay. Initially, I would say, I would answer that by saying that the defendant would have to take the burden of proving the prejudice. However— How would you prove it? If we remanded it for a hearing, how could you prove you are prejudiced? I'm sorry? You're not saying that in this case, the defendant has the burden, are you? I do not believe in this case. The Bergfield decision clarified how that should be done. And then the United States, previous to that, in Doggett, said that there are some instances where no prejudice needs to be, that it's presumed that no prejudice needs to be demonstrated. And that's what I believe we have here. What did the district judge do here? Who did— I'm sorry? Who did the district judge obligate to show— Judge David Godbee. Did you have to show it that there was prejudice, or did the government have to show that there was no prejudice? What did the district court do? The government, in their rebuttal, argued that there was no prejudice, and Judge Godbee agreed, that he was not entitled to—he had not been denied the right of speedy trial, and that he had not demonstrated that he had been prejudiced. My question is, or my statement to that is, it's not so much was he prejudiced, but how he could not have been prejudiced over this delay. Well, what's the prejudice? Well, it's difficult to prove what the prejudice is over time. Time erodes certain things. The right to prepare or know how to prepare for trial is eroded when this length of time goes by. In this case, there was 15 defendants. All but two of them have not only been indicted, sentenced, but have also completed their sentence. The only two that haven't, there's one that's doing life, and the other's Mr. Whitfield. And, in fact, his sentence was shorter than the time he waited to be arrested. Did he—were there any witnesses that he could have used as a defense to testify who were no longer available? Again, and that's argued and dogged, we don't know. And it might very well be impossible for him to know. Well, surely he knew if he had a defense or not. I'm sorry? He must have known if he had a defense. Did your client have a defense to this charge? He pled guilty to it. I don't think there's a question of his guilt. Okay.  Initially, had he been arrested with the rest of the conspirators, that answer may not have been accurate. We don't know. The dogged decision explained that there are different weights to be assigned to different reasons for a delay. If the government diligently pursues a defendant from indictment to arrest, a speedy trial claim will always fail without a showing of prejudice. Conversely, if the government intentionally held back its prosecution to gain some miserable advantage, then that weighs heavily against the government. And the dogged decision created a middle ground between diligent prosecution and bad faith delay. Negligence is not automatically tolerable simply because the accused cannot demonstrate exactly how it prejudiced him. The government here is left with the principal contention that Whitlock fails to make a successful speedy trial or a claim because he has not shown precisely how he was prejudiced. The obvious serious potential, as I mentioned a moment ago, is that the extended delay in the defendant's inability to adequately prepare for trial, making the entire process inherently unfair. Passing of time also arose exculpatory evidence, should there be any, and testimony which can rarely be shown. So how long is too long a delay? Well, this court in Cordona determined that a delay of a year is presumptively prejudicial. Mr. Whitlock's delay was seven-plus years. The delay in the Doggett case was eight-plus years. And that case was remanded. Those cases are remarkably similar, I might add. One lesson from Doggett is that the longer the delay, the greater presumption of prejudice. Mr. Whitlock was indicted with 14 other individuals, as I've already mentioned. All of them are out of jail now except him and one other. His current sentence, as I've also mentioned, was less than his delay time. He's presently incarcerated. Sorry? Is he in jail right now? He is, Your Honor. How long has he been in jail? I'm going to say less than a year. I want to say this, about a year. He's got a 60-month sentence, and he's got about a year. He's done about a year. As I stated, I got ahead of myself. In concluding my argument, I would suggest that the real question is not how he was prejudiced, but rather how he could not have been prejudiced by this delay. He purchased a house after the indictment. Unbeknownst to him, he participated in the political process by voting. He was in the PTA. He was in the phone book. His home was less than 50 miles from the courthouse in Dallas, and he lived there continuously. They just didn't go arrest him. They freely acknowledge that the government freely acknowledges that they just made a mistake in this case. Even so, that's not his fault, and that's negligence. That puts us in this middle ground that is determined in Doggett. I believe that concludes my argument. All right, thank you, sir. We have the argument. You have some rebuttal time. May it please the court. Counsel. The parties come before the court today making simplistic arguments. Mr. Whitlock claims solely on the presumption of prejudice that his fetus trial round was violated. The government similarly makes a pretty simple argument, and that is the audio and videotapes of his criminal conduct persuasively rebut the presumption. But that doesn't exactly prove that he's not prejudiced just because you've got the evidence to convict him. That's correct. What I think your burden is to prove that he was not prejudiced because he has the witnesses to use in his defense. So something's the matter here. We have to persuasively rebut the presumption of prejudice. And it's the government's argument simply, like I've already said, that the tape recordings do that. But while these arguments are simple, this case is a big deal. I'm not aware of a case in the country where a circuit court has ruled that the government has been able to persuasively rebut the presumption of prejudice when presented facts are present in this case. That evidence you point to helps you prove your case. Sir? The evidence about the tape recordings helps the government prove its case. Yes, sir. But it doesn't provide a defense to the defendant. No, sir, but it's the flip side of the same coin. Because the tapes of the two instances where Mr. Whitlock hand-to-hand sold drugs to an undercover officer, because the tapes conclusively show what happened on that day, the government's ability to prove its case has not been diminished at all. The flip side of that is neither has his ability to present a defense been diminished either. That's what the presumption is all about. That is what the presumption is about, Your Honor. But the government – there has to be a process where the government can rebut the presumption, and then you proceed to the next step of the analysis, which would be how was the defendant prejudiced. Well, I mean, I don't know how the government, like in this case, could take every conceivable defense that a defendant has and rebut it. You're correct. You're absolutely correct. That is impossible. The Supreme Court in the Doggett case references that in footnote 4 in citing a law review article. And this court went into more detail citing that law review article in the Molina-Solario case. How can the government ever persuasively rebut every possible theoretical defense a defendant might have? Well, I mean, don't you think that's what the Speedy Trial Act is about? If the delay is so long, then the defendant can't possibly or in many cases can't possibly know what his defense would have been. It's the government's position that due to the audio and videotapes of the transactions, that if the government cannot rebut the presumption of prejudice in the absence of any hint from a defendant on what the prejudice might have been, that the government can't rebut the presumption of prejudice on these facts, then it simply cannot ever do so. And that's not what the Supreme Court said in Doggett, and that's not what this court said in Molina-Solario. There has to be at least some set of facts, some circumstances where the government could rebut the presumption of prejudice. If the defendant at that point came forward with prejudice, then you still have a speedy trial violation. The indictment would have to be dismissed. Who did the district court put the burden on to show prejudice? I mean, was there a presumption of prejudice and the government had to show there was not, or did the court say, well, defendant, show me how you were prejudiced by this delay? Procedurally, what did the district court do? The district court followed the law as it should have. The government conceded that this was a case that invoked a presumption of prejudice. The court sided particularly through the Molina-Solario case, which laid out this concept here in the Fifth Circuit based on Doggett. And the court held, based upon the facts and the pleadings that were given to it, that the presumption of prejudice had been rebutted here because there were audio tapes of the incidences that were still available for use to see whoever party, however either party wanted to use them. Was there anything – go ahead. Was there anything – you're referring to these tapes. It seems to me the tapes show the crime. So was there anything on the tapes that would aid Mr. Whitlock in his defense? Not that I'm aware of. Well, then that doesn't meet your burden. I mean, maybe his grandmother was going to say he was at her house or something, and now grandmother's dead. That would be prejudice. That would be prejudice. And if below, once the government had just persuasively rebutted the presumption, which is our position we did, then you would go to the next step of the proceeding. That doesn't prevent the defendant from arguing any type of prejudice. And if the defendant suffered prejudice, the indictment would still be dismissed under speedy trial grounds. All we're saying is the government rebutted the presumption of it persuasively, which is what the law is. Do you have any cases that would say that a way to overcome the presumption of prejudice is by the government showing how strong a case they have against him, I guess, is what you're arguing, that no matter how he was prejudiced, the case is so strong that he was not prejudiced because the government's case is still very strong, and there's no way that any prejudice that he might have suffered would have affected. No, sir. I'm not aware of any cases because I couldn't find any cases in the country. I'm not saying they don't exist. I'm just saying I couldn't find them. Where any court has ever held the court, the government persuasively rebutted that presumption. But that's exactly the argument. The government's evidence is so strong, the evidence still exists. It hasn't diminished. There's no claim of a missing witness. There's no hint from the defense that he's harmed in any way, harmed in any way. It doesn't have a burden on the presumption part of it, but there's no hint at all that he was harmed in any way by this delay. It seems to me you're saying he has to come forward with evidence of prejudice, and if you've got a presumption, he doesn't have to do that. That's exactly correct, Your Honor. Initially, he doesn't have to. It would seem to me that once the government rebuts the presumption of prejudice, that doesn't stop the defendant from then coming forward with evidence that he was harmed. What's your best case for that? I haven't seen one. I haven't seen one. I haven't either. I haven't either. I mean, to me, if the law says there's a presumption of prejudice, the defendant doesn't have to show anything to prevail. That's correct, unless the presumption is persuasively rebutted. Well, I don't know how it's rebutted when you show that your case is strong. I mean, we know a lot of them. I mean, there are a lot of defenses out there where the defendant prevails against a strong case. And what the courses would indicate and what the questions from this court are saying, that there's no real presumption here at all. There's an absolute bar based on this fact of the government ever going forward. And there has to be at least some circumstances where the government can persuasively rebut this presumption. And when there's no doubt as to what happened at the time of the crime, and there's no doubt of that here, the presumption of prejudice in the absence of any hint of any sort of prejudice has to be able to rebut it. That doesn't prevent, as I've already said, the defendant from coming forward at that point and claiming prejudice. And if the defendant proved prejudice at that point, then he'd be entitled to a dismissal of the indictment. But we don't have any of that here because there's no prejudice to this defendant. He hasn't been harmed by this delay. It's unfortunate. As I said earlier, even though there's no cases in the country that hold the government can rebut this presumption, it doesn't mean we can't do it. There's a couple of independent and compelling reasons why there's no case law or a direct-to-case law on this issue. And the first is, and the Barker Court sort of touched on this, time is not the government's friend. We have the burden of proof. It is high, to state the obvious, beyond a reasonable doubt. When you get four, six, eight, ten years down the road, the government's ability to meet that high burden of proof is in many instances diminished. And that results in when the defendant is arrested late in time like that, it results in the case being dismissed. Or if the government still can prove its case, it results in plea negotiations that work into a guilty plea like most criminal cases do, and then there's no appeal of any pretrial rulings. And the second independent reason why there's no cases on this particular issue, or very few of them, is because negligence or accident on behalf of the government in hunting for a fugitive is a very rare occurrence. The government's got no benefit to delay arresting somebody by years. There's no hint it did that on purpose. In this case, this was an accident or a mistake that happened that warranted the, that caused the warrant from the NCIC computer to be dropped from the system. And up until that point, computer checks had been done, efforts to know what vehicles and where he lived had been done. It was done by his house a couple of times, and then when that warrant got dropped, that conduct ceased until the mistake was learned years later. It was reentered into the system, and he was subsequently arrested. That's the fact that we have before. If this had been a four-year delay, we wouldn't be in this situation. If this had been a delay where the defendant caused his flight, we wouldn't be in this situation. And we also wouldn't be in this situation if the defendant didn't want a speedy trial or never asserted his right to a speedy trial. So the difference between four years and the seven years that we are here is a three-year period. Now, I know I'm changing the facts a little bit, but how is the defendant harmed in that additional three-year period when the offenses are audio and videotaped and it's clear as day what happened on the most critical point of the investigation? That's where we are. The government's ability to prove its case has not been diminished at all, but neither has his defense. Not below, not in response to the judge's order, not in his brief, and not on his appeal does he claim he was harmed or prejudiced. How do you know what his defense would have been? If he had all those co-defendants, maybe the co-defendants would have worked out a deal, which is sometimes what happens. We'll blame the other guy. That never happened because he didn't know ostensibly that he was part of the package. That's true, Your Honor, but the speedy trial right, and that's a compelling argument, but the speedy trial right goes to the defendant's jury trial right, not sort of resolution of his case, and the length of time is focused on his right to a presented offense in front of the jury. But the operative word is speedy, not trial. True. Okay. True. Again, the defendant relies solely on the presumption of harm. The government believes that based upon these facts, there has to be some set of circumstances where the government can rebut the presumption persuasively. And when you have audio and videotapes of the underlying conduct coupled with no hint of any harm whatsoever by the defendant, then that has to get the government over the burden of persuasively rebutting the presumption. It doesn't get the government all the way there because the defendant's still harmed. There's still a problem. But we can get past the presumption when we have evidence and facts like these. And we ask that this Court affirm Judge Godbee in his ruling to deny the motion to dismiss on speedy trial grounds and in all things affirm the defendant's conviction. Thank you. All right. Thank you. Mr. Day, you have a few minutes. My rebuttal will be very brief. The longer the delay, the greater the presumption of prejudice that comes from Doggett. The right to a speedy trial attaches when a person is arrested, indicted, or otherwise charged. That's the Fifth Circuit Court, United States v. Sernoff v. O'Reilly. The right to a speedy trial is also triggered when the indictment precedes the arrest. That's the Fifth Circuit Court decision, United States v. Carter. And as I've said earlier, it's not so much how he was prejudiced as how he could not have been prejudiced. Thank you. All right. Thank you, sir. You're court-appointed. We appreciate your service.